UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENG-WEN CHENG,

           Plaintiff,

– against –

JAHRIL TAFARI BELL,

           Defendant.

**OPINION & ORDER**

24-civ-6624 (ER)

RAMOS, D.J.:

    Sheng-Wen Cheng,[1] proceeding *pro se*, brought this action against Jahril Tafari Bell on August 21, 2024, alleging that Bell is equally responsible for the monetary damages that Cheng was ordered to pay in a previous lawsuit—to which Bell was not a party—where a default judgment was entered against him. *See* ¶ 16.[2] Before the Court is Bell's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 13. For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

    Cheng is a citizen of the Republic of China but was residing in New York at the time the instant complaint was filed. ¶ 4. Bell is a resident of Washington D.C. ¶ 5.

    Cheng founded and led a company called Alchemy at an unspecified time before the complaint was filed. *See* ¶¶ 1, 7. In 2019, a former Alchemy employee, Onyeka Obasi, sued Cheng, Alchemy, and two other Alchemy co-founders in the New York Supreme Court, New York County. ¶ 7. The complaint alleges that Obasi sued for unpaid

---

[1] In another unrelated case in this district against the United States that is currently pending, the government represented that Cheng was deported to Taiwan on March 31, 2025. *See Cheng v. United States*, No. 24 Civ. 5579 (ER) (KHP), Doc. 39. Cheng is reminded of his obligation to keep the Court apprised of his current address.

[2] Unless otherwise noted, citations to "¶ _" refer to the complaint, Doc. 1.

wages, retaliation, discrimination, emotional distress, and punitive damages.[3] *Id.* However, Obasi did not sue Bell, who Cheng alleges was another co-founder and the chief strategy officer ("CSO") of Alchemy. ¶¶ 9, 7.

On August 18, 2020, Cheng was arrested on federal charges unrelated to the claims in Obasi's complaint. ¶ 10. Due to his incarceration, Cheng alleges that he was unable to defend himself in Obasi's lawsuit in New York state court, ¶ 11, and a default judgment was entered against him on July 22, 2021 for $509,412.93. ¶ 12.

Cheng brought this action against Bell on August 21, 2024, asserting a single cause of action for contribution pursuant to New York state law. ¶ 1. The complaint[4] alleges that "Bell is equally responsible for the damages of $509,412.93 that Obasi has in default judg[]ment against Mr. Cheng." ¶ 16. His contribution claim asserts that "[w]hen Obasi was employed by Mr. Cheng and Bell, Bell had the equal duty as Mr. Cheng as an employer" and "also controlled the terms and conditions of Obasi's work." ¶ 14. He further alleges that Bell "authorized the pay policies at Alchemy." ¶ 8.

Bell moved to dismiss Cheng's complaint on November 11, 2024, arguing that Cheng failed to state a plausible claim for contribution, that the contribution allegation is barred by the statute of limitations, and that the default judgment precludes a claim for contribution. Docs. 13–14.

---

[3] Though not explicitly referenced in Cheng's complaint in the present case, Obasi asserted seven causes of action against Cheng, Alchemy, and the two other defendants: two for breach of contract and five for violations of New York Labor Law. *See Obasi v. Alchemy Finance, Inc. et al.*, No. 152472/2019 (N.Y. Sup. Ct. Dec. 6, 2019), Doc. 98 ¶¶ 24–51.

[4] In his complaint, Cheng also references a separate action he filed in this court, *Cheng v. Obasi et al.*, No. 24 Civ. 1576 (AS) (S.D.N.Y. Sept. 9, 2024). ¶ 9. In that case, where Bell was named as a defendant, Cheng alleged that Obasi stole Cheng's trade secrets to grow her own business and share the profits with Bell. *Id.*, Doc. 1 ¶ 7. In a letter dated September 3, 2024, Cheng asked the presiding judge, Judge Subramanian, to dismiss without prejudice because he anticipated he would be transferred to a different correctional facility and thought he would be unable to respond to pending motions in that matter. *Id.*, Doc. 44. On September 9, 2024, Judge Subramaniam granted his request. *Id.*, Doc. 45.

## II. LEGAL STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Koch v. Christie's International PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663 (citing *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). To state a plausible claim, the plaintiff must "'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d. Cir. 2018) (quoting *Twombly,* 550 U.S. at 556). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

*Pro se* litigants' "pleadings and other filings are interpreted to raise the strongest claims they suggest." *See Sharikov v. Philips Medical System MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (citing *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–58 (2d Cir. 2017)). In general, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

## III. DISCUSSION

### A. Contribution Claim

In his memorandum of law in support of his motion to dismiss, Bell argues that the Court should dismiss Cheng's complaint because: (1) Cheng failed to state a plausible claim for contribution; (2) the contribution claim is barred by the statute of limitations; and (3) the default judgment precludes a claim for contribution. Doc. 14 at 5–6.

#### i. Failure to State a Claim

Under New York law, "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." N.Y. C.P.L.R. § 1401 (McKinney). Courts applying New York law have traditionally found that "some form of tort liability is a prerequisite to application of" New York State's contribution statute. *See Board of Education of Hudson City School District v. Sargent, Webster, Crenshaw & Folley*, 517 N.E.2d 1360, 1364 (N.Y. 1987). Contribution claims fail when applied to "pure breach of contract action[s]." *See id.* However, cases sounding in both tort and contract fall in a "borderland" where contribution claims are not per se barred. *See Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 551, 557 (1992) (citing *Sargent*, 517 N.E.2d 1360)).

In his complaint, Cheng does not specify the basis for Obasi's lawsuit against him. *See generally* Doc. 1. However, the Court takes judicial notice that Obasi's complaint in New York state court specified seven causes of action against Cheng and Alchemy, two of which were for breach of contract, and five of which were for statutory violations of New York Labor Law. *See Obasi v. Alchemy Finance, Inc.*, No.

152472/2019 (N.Y. Sup. Ct. Dec. 6, 2019), Doc. 98 ¶¶ 24–51; *see also International Star Class Yacht Racing Association v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (internal citation and quotation marks omitted) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). In Cheng's opposition brief, he argues that Obasi's suit for retaliation, discrimination, and emotional distress[5] indicate that the lawsuit extended beyond her employment contract, implying that the court should allow the contribution claim to proceed. *See* Doc. 20 at 5. To support his assertion that "a contribution claim can proceed on an emotional distress claim," he cites *Wolongevicz v. Town of Manlius*, 5:17 Civ. 933 (BKS) (DEP), 2018 WL 3769857 (N.D.N.Y. August 8, 2018). Doc. 20 at 5 n.1. However, it is important to note that *Wolongevicz* dealt specifically with a claim for the tort of intentional infliction of emotional distress. *See* 2018 WL 3769857, at *14. Such a claim was not present in Obasi's complaint. *See generally Obasi v. Alchemy*, No. 152472/2019, Doc. 98.

Contrary to Cheng's assertions, Bell contends that the default judgment against Cheng was based on wage-and-hour and discrimination claims under New York Labor Law and New York State Human Rights Law, and that these claims arise not from tort, but from statutory and contractual employment obligations. *See* Doc. 26 at 6. Bell relies on *Herman v. RSR Security Services, Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999), a case brought under the Fair Labor Standards Act (FLSA), to support his assertion that "courts in this [d]istrict have consistently rejected attempts to seek contribution in statutory employment-law disputes." Doc. 26 at 6. For these reasons and given the lack of information provided in the complaint, Cheng is unable to nudge the complaint from "conceivable" to "plausible" regarding the legal basis for Bell's liability.

---

[5] Obasi's complaint only mentions "emotional distress" in the context of compensatory damages for the emotional distress she went through as a result of her claims under New York Labor Law. *See Obasi v. Alchemy*, No. 152472/2019, Doc. 98 ¶¶ 42, 51. She did not assert a claim for the tort of intentional infliction of emotional distress. *See generally id.*

Even if the claim established a legal basis for contribution liability, the complaint's allegations attempting to establish joint liability between Cheng and Bell are "mere conclusory statements" that fail under the standard established in *Twombly/Iqbal*. For example, the complaint alleges that Bell and Obasi "secretly conspired together" against Cheng, ¶ 9, but does not offer any further information to support that claim. The complaint's references to Bell's status as a co-founder and Chief Strategy Officer of Alchemy, ¶ 1, his ability to control the terms and conditions of Obasi's work, and his ability to authorize pay policies at Alchemy, ¶ 8, give credence to Cheng's assertions; however, the allegations as they currently stand do not provide additional factual matter sufficient to meet the plausibility threshold for establishing Bell's joint liability.

Because the complaint fails to establish the legal basis for contribution liability and is supported only by mere conclusory statements, the Court finds that Cheng has failed to state a claim, warranting dismissal.

    *ii.* Statute of Limitations

Bell also argues that Cheng's claim for contribution is time-barred. Doc. 14 at 6. Despite Bell's assertions, the statute of limitations for a contribution claim in New York is six years, not three. *See, e.g., Ruiz v. Griffin*, 856 N.Y.S.2d 214, 217 (N.Y. App. Div. 2008). Courts applying New York law have generally stated that claims for contribution "do not accrue for purposes of the Statute of Limitations until the party seeking . . . contribution has made payment to the injured party." *See Rosenblum v. Columbia University School of Dental and Oral Surgery*, 507 N.Y.S.2d 389, 390 (N.Y. App. Div. 1986) (citation omitted); *Hammond v. Toy Industry Association, Inc.*, 8 F. Supp. 3d 484, 499 (S.D.N.Y. 2014) (citing *id.*). *Contra 110 Central Park South Corp. v. 112 Central Park South, L.L.C.*, 41 Misc. 3d 380, 391 (N.Y. Sup. Ct. 2013) (holding that a cause of action for contribution accrues "when the party seeking contribution is found liable"). The complaint does not state whether Cheng has made payment(s) to Obasi. *See generally* Doc. 1. Regardless of when a claim for contribution accrues, Cheng's claim is

not time-barred: the default judgment was entered against him on July 22, 2021, ¶ 12, and he filed this action on August 21, 2024, well within the six-year window.

      *iii.* Default Judgment Precluding a Contribution Claim

Bell's final argument is that the contribution allegation is "barred by the default judg[]ment." Doc. 14 at 6. He asserts that "[c]ontribution claims typically arise when both parties are liable for damages after trial, not in the context of a default judg[]ment against one party alone." *Id.* Bell does not cite case law to support his claim that the default judgment against Cheng precludes a claim for contribution here.[6]

Generally, courts in this Circuit have held that a defendant "can seek contribution" from "third parties in a separate action in the event that [the plaintiff] recovers." *Lupia v. New Jersey Transit Rail Operations, Inc.*, No. 21 Civ. 11077 (LJL), 2022 WL 16549227, at *3 (S.D.N.Y. October 31, 2022) (quoting *Hicks v. Long Island Rail Road*, 165 F.R.D. 377, 380 (E.D.N.Y. 1996)). Moreover, though New York courts have not encountered the exact question of whether a plaintiff who defaulted is precluded from asserting a claim for contribution against a third party as a result of that default judgment, the Appellate Division held in *Paez v. 1610 Saint Nicholas Ave. L.P.*, 979 N.Y.S.2d 301, 303 (N.Y. App. Div. 2014) that "[d]efendants' default does not preclude their pursuit of claims against third-parties for purposes of apportionment of fault" (citations omitted). In any case, the complaint must still be dismissed given its deficiencies in stating a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[6] Bell cites *LaRossa, Axenfeld & Mitchell v. Abrams*, 62 N.Y.2d 583 (1984), in support of his argument that Cheng's default precludes contribution. Doc. 14 at 6. However, that case involved neither a party who had previously defaulted nor a claim for contribution. *See generally LaRossa*, 62 N.Y.2d 583. Instead, it involved the constitutionality of criminal prosecutions of individuals who refused to comply with subpoenas while motions to quash or modify those subpoenas were pending. *See id.* at 586. The case is thus inapposite.

7

### B. Leave to Amend

Cheng requests leave to file an amended complaint to address any deficiencies found by the Court. Doc. 20 at 8. In response, Bell argues that an amendment would be futile. Doc. 26 at 8.

Rule 15 instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, L.L.C.*, the Second Circuit affirmed the "liberal spirit" of Rule 15 and counseled strongly against the dismissal of claims with prejudice prior to "the benefit of a ruling" that highlights "the precise defects" of those claims. 797 F.3d 160, 190–91 (2d Cir. 2015) (citation omitted). An amendment is futile and should not be granted if it "fails to cure prior deficiencies." *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (internal quotation marks and citation omitted).

Especially given the Second Circuit's stated preference that *pro se* litigants should be afforded the opportunity to grant leave to amend at least once, *see Chavis*, 618 F.3d at 170, the Court finds that leave to amend should be granted. The Court finds that "there is at least some indication that a valid claim might be stated." *See Mwangi v. Passbase, Inc.*, 21 Civ. 6728 (ER), 2022 WL 2133734, at *9 (S.D.N.Y. June 14, 2022). Cheng could plead additional facts to remedy the deficiencies identified herein related to the basis for Bell's alleged joint liability.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Cheng's contribution claim is dismissed without prejudice. Cheng may file an amended complaint by July 30, 2025. If Cheng does not file an amended complaint by that date, the case will be closed.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 13.

It is SO ORDERED.

Dated:   June 18, 2025
        New York, New York

                                            EDGARDO RAMOS, U.S.D.J.

9